IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENEÉ COLEMAN,

                Plaintiff,

v.

SUN PRAIRIE AREA SCHOOL DISTRICT,

                Defendant.

OPINION and ORDER

25-cv-457-jdp

---

Plaintiff Reneé Coleman, proceeding without counsel, alleges that she was a principal in Sun Prairie and that the school district discriminated against her because of her race, color, and sex. She asserts claims under Title VII of the Civil Rights Act and the Wisconsin Fair Employment Act (WFEA).

The school district moves to dismiss the WFEA claim on the ground that Coleman did not allege in her complaint that "she has exhausted the mandatory administrative procedures under the WFEA." Dkt. 5, at 2. But a failure to exhaust is an affirmative defense, *Salas v. Wisconsin Department of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007), and plaintiffs don't have to plead affirmative defenses, *Stuart v. Local 727, Int'l Bhd. of Teamsters*, 771 F.3d 1014, 1018 (7th Cir. 2014). So a failure to exhaust is not the problem.

The problem with Coleman's WFEA claim is more fundamental: "The WFEA does not afford [a] plaintiff a general private right of action, unless [the] plaintiff brings a claim for discrimination occurring between July 1, 2009, and April 19, 2012." *Sharp v. Stoughton Trailers, LLC*, No. 15-cv-598-jdp, 2016 WL 3102241, at *2–3 (W.D. Wis. June 2, 2016). This small window is the result of legislative amendments that first expanded and then repealed remedies

available under the WFEA. *Id.* In this case, Coleman says that the school district discriminated against her sometime after 2021, so she cannot sue under the WFEA.

An employee's only remedy under the WFEA is through the Wisconsin Department of Workforce Development's Equal Rights Division. *Ward v. Diacker*, No. 20-cv-993-jdp, 2021 WL 51534, at *1 (W.D. Wis. Jan. 6, 2021); Wis. Stat. § 111.39. After the department makes its decision, a dissatisfied party may appeal to the Labor and Industry Review Commission, *id.*, and a party dissatisfied with the commission's decision may seek judicial review, Wis. Stat § 111.395. A court does not have jurisdiction to hear WFEA claims filed directly with the court. *Aldrich v. Lab. & Indus. Rev. Comm'n*, 2008 WI App 63, ¶¶ 9–10, 310 Wis. 2d 796, 802, 751 N.W.2d 866, 869; *Bachand v. Connecticut General Life Insurance Co.*, 101 Wis. 2d 617, 305 N.W.2d 149 (Ct. App. 1981). In this case, Coleman is not appealing a decision of the Labor and Industry Review Commission, so this court may not exercise jurisdiction over her WFEA claim and that claim must be dismissed.

Coleman asks for leave to amend her complaint to "supplement her exhaustion-related allegations." Dkt. 10, at 3. Coleman is correct that courts generally grant leave to amend, but there is an exception to the general rule when the complaint has a defect that can't be fixed. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). That's the situation here. The problem is that Coleman can't sue the school district under the WFEA in this court, and additional allegations won't fix that problem. So I will deny Coleman's request to amend her complaint.

One final point. In her opposition brief, Coleman cites *Kaiser v. Monroe County*, 201 Wis. 2d 705 (Ct. App. 1996), to support her argument that her administrative proceedings before the Equal Employment Opportunity Commission satisfied any requirements under Wisconsin law for bringing her WFEA claim to court. *See* Dkt. 10, at 2. In its reply brief, the

school district says that it could not find a case with that citation and those party names. The court also could not locate the case in its own research. In fact, the court could not locate any case with the two parties that Coleman cites. And the reporter citation provided is to *Kirsch v. Endicott*, 201 Wis. 2d 705, 549 N.W.2d 761 (Ct. App. 1996), which is about the due process rights of prisoners.

It is not clear why Coleman cited a case that does not appear to exist or why she asserted a legal proposition that is inconsistent with repeated rulings of both the Wisconsin state courts and this court. Whatever the reason, all parties, including parties representing themselves, have a duty under Federal Rule of Civil Procedure 11 to conduct a reasonable inquiry to determine that factual allegations and legal contentions in the party's court filings are supported. A party who fails to comply with that rule can be sanctioned, including by dismissal of her case. *See* Fed. R. Civ. P. 11(c). So before Coleman includes any citations or legal contentions in her filings with this court, she should first confirm that her citations are accurate and her legal contentions are supported by the law.

ORDER

IT IS ORDERED that defendant Sun Prairie Area School District's motion to dismiss, Dkt.4, is GRANTED, and plaintiff's WFEA claim is DISMISSED. The case will proceed on plaintiff Reneé Coleman's Title VII claim.

Entered November 14, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

3